IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Sweeney, | C/A No. 3:25-cv-13748-JFA-SVH |
| Plaintiff, | |
| v. | **ORDER** |
| Anthony Januchowski, | |
| Defendant. | |

## I.    INTRODUCTION

Victor Sweeney ("Plaintiff"), proceeding pro se, filed this civil action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies and gave him an opportunity to bring his claim into proper form. (ECF No. 8). Plaintiff attempted to cure these deficiencies by filing an amended complaint and supplement. (ECF Nos. 10 & 13). Thereafter, the Magistrate Judge conducted a review of the amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A and prepared a thorough Report and Recommendation ("Report"). (ECF No. 14). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal pursuant to 28 U.S.C. §

1

1915(e)(2)(B).[1] *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections on April 13, 2026. (ECF No. 24). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

---

[1] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at \*5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at \*1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at \*1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 14). Briefly, Plaintiff's complaint alleges various qualms with a prior arrest. In response to the Report, Plaintiff enumerated eight separate objections. Each is addressed below.

Within his first objection entitled "Liberal Construction", Plaintiff claims the "District Court must examine the pro se complaint to see whether the facts alleged, or the

set of facts which the Plaintiff might be able to prove could very well provide a basis for recovery." (ECF No. 24, p. 2). Plaintiff is correct in that his pleadings are to be liberally construed to allow development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Indeed, the Report clearly noted Plaintiff's claims were being liberally construed. (ECF No. 14, p. 3). However, Plaintiff fails to point to any argument, fact, or claim which was not liberally construed in his favor. Accordingly, this objection fails to note any error in the Report and is overruled.

In his second objection, Plaintiff clarifies that he is not asserting a claim of false arrest. Accordingly, The Report's conclusion that Plaintiff fails to state a claim for false arrest is adopted without objection.

Plaintiff's third objection clarifies that he is not asserting a claim for malicious prosecution. Accordingly, The Report's conclusion that Plaintiff fails to state a claim for malicious prosecution is adopted without objection.

Plaintiff's fourth objection agrees with the Report's conclusion that any Fifth and Eighth Amendment claims are not valid. Accordingly, that portion of the Report is likewise adopted without objection

In his fifth objection, Plaintiff takes issue with the Report's statement that "Plaintiff provides no law demonstrating an ex parte criminal investigation is unconstitutional or that Defendant is required to interview him." (ECF No. 14, p. 5). Plaintiff points out that the standard § 1983 form instructs plaintiffs not to cite any cases or statutes. Plaintiff is correct that he was following directions in not citing case law. However, the above statement was made within the Report's greater discussion of Plaintiff's claims that an ex parte criminal

4

investigation is unconstitutional. Relatedly, Plaintiff's sixth objection again takes issue with the Defendant's ex parte criminal investigation into allegations of domestic violence.

It is clear from the Report that the Magistrate Judge concluded that no court has ever held that an ex parte criminal investigation violates constitutional rights. Plaintiff's objections fail to show how this is error. This court is likewise unaware of any such statute, case, or other legal avenue which would allow a potential criminal defendant to assert a cause of action based on his allegations that an investigating officer did not speak with him prior to arrest. Accordingly, this objection is overruled.

Plaintiff's seventh objection clarifies that he is not asserting a claim on behalf of Annette Shelton. Accordingly, the portion of the Report noting Plaintiff cannot assert claims for Ms. Shelton is adopted without objection.

In his final objection, Plaintiff asks for a stay to guard against the statute of limitations. Plaintiff notes this his case arose in November of 2024 and the applicable statute of limitations is three years. Because the statute of limitations has yet to expire, Plaintiff's request for a stay is unnecessary and denied as moot. This objection is thus overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 14). For the reasons discussed above and in the Report, this action is summarily dismissed without prejudice and without further leave for amendment.

IT IS SO ORDERED.

April 17, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge